[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 15, 2009
THOMAS K. KAHN
CLERK

No. 08-14242
Non-Argument Calendar

_____

D. C. Docket No. 04-00156-CR-T-30-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS MCGOWAN,
a.k.a. Shank,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 15, 2009)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Thomas McGowan appeals his 180-month sentence for possession of crack

cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), reimposed after we remanded to the district court for reconsideration in light of Kimbrough v. United States, 552 U.S. ___, 128 S. Ct. 558 (2007).

We reject McGowan's argument that the district failed to comply with this Court's limited remand.[1]  The purpose of the remand was "to give [the district court] an opportunity to indicate whether it would have imposed a different sentence if it had understood that it had discretion to disagree with the Guidelines policy expressed in the crack/powder disparity." United States v. McGowan, No. 05-14932, 276 Fed. App'x 946, 949 (11th Cir. May 6, 2008).  However, we instructed that "[i]f the district court concludes that consideration of the crack/powder disparity would make no difference in McGowan's sentence, it need not conduct a resentencing hearing, and may simply reenter the sentence previously imposed." Id.

On remand, the district court issued an order in which it twice recited the above-quoted instructions and stated that, after reviewing McGowan's file, it was reimposing a 180-month sentence.  Thus, McGowan has shown no reversible error

---

[1]We have plenary review over the district court's interpretation of our mandate.  Ad-Vantage Tel. Directory Consultants, Inc. v. GTE Directories Corp., 943 F.2d 1511, 1517 (11th Cir. 1991).  A district court "may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate." Piambino v. Bailey, 757 F.2d 1112, 1119 (11th Cir. 1985).

on remand.  We also reject McGowan's argument that the district court's references to Amendment 706 of the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2) indicate that the district court misunderstood this Court's mandate.

**AFFIRMED**.